O

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | | |
|---|---|---|
| RUBEN CASTILLO, | ) | NO. EDCV 07-1298-JSL (MAN) |
| Petitioner, | ) | |
| v. | ) | ORDER ADOPTING FINDINGS, |
| EVANS (WARDEN), | ) | CONCLUSIONS AND RECOMMENDATIONS |
| Respondent. | ) | OF UNITED STATES MAGISTRATE JUDGE |

Pursuant to 28 U.S.C. § 636, the Court has reviewed the Petition for Writ of Habeas Corpus, all of the records herein, the Report and Recommendation of United States Magistrate Judge ("Report"), Petitioner's Objections, and Petitioner's "Motion" for *de novo* review. The "Motion" is GRANTED insofar as the Court has conducted a *de novo* review of those matters to which objections have been stated in writing pursuant to 28 U.S.C. § 636(b)(1)(C) and Fed. R. Civ. P. 72(b).

Petitioner objects that the Magistrate Judge fails to recognize that a "procedurally defaulted ineffective assistance counsel claim can serve as cause to excuse the procedural default of another claim" and to

apply the "cause and prejudice" standard to excuse the Petition's untimeliness. (Objections at 4-5; Motion at 3.) However, the Report recommends that the Petition be dismissed because it is untimely under 28 U.S.C. § 2244(d)(1), not pursuant to application of the procedural default doctrine. Accordingly, he procedural default principles referenced by Petitioner have no relevance.

Petitioner reiterates his contention that he could not seek relief until almost five years after his limitations period had run, because he lacked a copy of his trial transcripts. (Motion at 3.) The Report (at 19-23) addresses this contention in detail, and the Court agrees that it does not justify application of the equitable tolling doctrine under the facts of this case.

Petitioner also reiterates his contention that his post-conviction attorney's negligence entitles him to equitable tolling, because he and his father made unspecified, unsuccessful attempts to reach the attorney (Stanley). In the Report, the Magistrate Judge notes that Petitioner's assertions on this issue are vague and unexplained, and Petitioner fails to allege or establish "who attempted to contact Stanley, when attempts were made to contact Stanley, the frequency of any such attempts, etc." (Report at 17.) The Magistrate Judge also notes that, in the light of the record, it appears that, if any documentation supporting Petitioner's conclusory assertions existed, it would have been gathered previously as requested by the State Bar of California. (*Id.*) The Magistrate Judge invited Petitioner to provide, however belatedly, such documentation by the deadline for filing his Objections:

> **Of course, if Petitioner has any documentation or other evidence relevant to his attempts to contact Stanley, he should provide it to the Court promptly and by no later than the deadline for any Objections he might file. If Petitioner does so, the Court will consider any evidence submitted and, if warranted, will appropriately amend this Report and Recommendation.**

(Report at 17 n. 9; emphasis in original.)  Petitioner has not produced any such documentation, does not claim it exists, and has not shown that, during the relevant time period, he made any effort to pursue his claims.[1]

Finally, Petitioner asserts "for the first time" that he is entitled to equitable tolling, "because he has not been provided access to legal assistance as required by Bounds v. Smith, 430 U.S. 817 (1977)."  (Motion at 4.)  Petitioner, however, does not explain or describe in what manner he was deprived of "access to legal assistance." A district court has discretion, but is not required, to consider evidence or claims presented for the first time in Objections to a Magistrate Judge's Report and Recommendation.  *See* <u>Brown v. Roe</u>, 279 F.3d 742, 744-45 (9th Cir. 2002); <u>United States v. Howell</u>, 231 F.3d 615, 621-22 (9th Cir. 2000).  In this instance, the Court has considered

---

[1] Petitioner references and relies only on written communications between his father and the State Bar of California in July and August 2004. (Motions at 3.) Petitioner's limitations period, however, expired over two years prior to then, on April 10, 2002.

Petitioner's belatedly-raised contention,[2] but finds it insufficient to warrant further consideration or to invoke the equitable tolling doctrine.  As the Supreme Court explained in Lewis v. Casey, 518 U.S. 343, 351, 354, 356-57, 116 S. Ct. 2174, 2180 (1996), the right of access to courts enunciated in Bounds v. Smith, 430 U.S. 817, 97 S. Ct. 1491 (1977), is not freestanding or abstract, and is not implicated absent a showing of actual injury, namely, a demonstration by an inmate "that the alleged shortcomings in the library or legal assistance program hindered his efforts to pursue a legal claim."  Petitioner has not claimed in any of his filings, and does not now claim, that his institution's law library or legal assistance program was deficient, much less that any such deficiency prevented him from pursuing federal habeas relief during the relevant time period.  His newly-made, conclusory assertion of a Bounds violation is not persuasive.

Having completed its review, the Court accepts and adopts the Magistrate Judge's Report and Recommendation and the findings of fact, conclusions of law, and recommendations therein.

IT IS ORDERED that:  (1) Respondent's Motion to Dismiss is GRANTED; and (2) Judgment shall be entered dismissing this action with prejudice.
///
///

---

[2] The Report notes (Report at 2, 11) that, on January 10, 2008, Petitioner was advised he must set forth in a declaration filed with his Opposition to Respondent's Motion to Dismiss "the nature and duration of any claimed extraordinary circumstances that prevented him from filing his Petition in a timely manner and the specific, resulting consequence(s)."  In his Opposition, the only alleged extraordinary circumstance asserted was Stanley's negligence.

4

1        IT IS FURTHER ORDERED that the Clerk serve copies of this Order and
2   the Judgment herein on Petitioner and counsel for Respondent.

4        LET JUDGMENT BE ENTERED ACCORDINGLY.

7   DATED:    ___09/19/08                    _____
                                              J. SPENCER LETTS
8                                             UNITED STATES DISTRICT JUDGE